UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
---------------------------------------------------------------- X
SHERIF OSMAN,

                          Plaintiff,

          -against-                                    CA No. 23-cv-02108

INTERNATIONAL CRIMINAL POLICE
ORGANIZATION, *et al.*

                          Defendants.
---------------------------------------------------------------- X

## REQUEST FOR SERVICE BY ALTERNATIVE METHODS

Come now the Plaintiff herein and files with the Court this request for service of process by alternative methods.  Plaintiff has worked diligently but has encountered immense difficulty serving Defendants Ahmed Naser Al-Raisi, Saif bin Zayed Al Nahyan, and Ismail Ali Madani. Due to the nature of Plaintiff's claims and the high status of the Defendants, private process servers in the United Arab Emirates ("UAE") are unwilling to attempt personal service upon the Defendants.  Additionally, the UAE is not a party to the Hague Service Convention, nor does it accept letters rogatory.  In such situations, courts have authorized a variety of alternative service provided they are consistent with due process.  Plaintiff proposes service by substitute service on the UAE Ambassador to the United States in Washington, D.C., by Certified Mail on all Defendants at the address of the UAE Embassy in Washington, D.C., and by Registered International Mail with the United States Postal Service at their addresses in the UAE.

## EFFORTS TO EFFECTUATE SERVICE

Plaintiff worked with International Litigation Support to coordinate service of process in the UAE.  International Litigation Support is a legal services company that specializes in

international process services.  However, a representative from International Litigation Support told Plaintiff that her counterpart in the Middle East engaged with at least two individuals about locating and serving Defendants.  One individual said that, given Defendants' positions and status within the UAE, it was too dangerous for process servers to locate or serve these Defendants.  The other individual simply ignored the request.    Defendant Al-Raisi is the UAE's Deputy Prime Minister and Minister of Interior; Defendant Al Nahyan is President of Defendant Interpol and a UAE Interior Ministry official; and Defendant Madani is a public prosecutor for Dubai's prosecution office, which is an arm of the UAE government.  International Litigation Support told Plaintiff that it could not assist with any formal or informal method of service.

Plaintiff also contacted Process Service Network, LLC, to coordinate service of process in the UAE.  Process Service Network, LLC, is a U.S.-based company that handles service of process worldwide.  A company representative told Plaintiff that personal service on these Defendants was highly unlikely for security reasons.

## ALTERNATIVE MEANS REQUESTED

Plaintiff requests the Court to authorize service of process on Defendants Ahmed Naser Al-Raisi, Saif bin Zayed Al Nahyan, and Ismail Ali Madani by the following alternative means:

1) By substitute service on the UAE Ambassador, Yousef Al Otaiba, in Washington, D.C. at the address of 3522 International Court NW, Suite 400, Washington D.C. 20008 for Defendants Ahmed Naser Al-Raisi, Saif bin Zayed Al Nahyan, and Ismail Ali Madani;

2) By Certified Mail on all Defendants at the address of the UAE Embassy in Washington, D.C. at the address of 3522 International Court NW, Suite 400, Washington D.C. 20008;

3)      By USPS Registered International Mail on Defendants Ahmed Naser Al-Raisi and Saif bin Zayed Al Nahyan at their office located on 1st St, Al Rawdah, W56, Abu Dhabi, United Arab Emirates; and

4)      By USPS Registered International Mail on Defendant Ismail Ali Madani at the UAE Police Headquarters in Dubai located at Al Twar, Al Twar 1, Dubai, United Arab Emirates.

## ALTERNATIVE MEANS OF SERVICE ARE AUTHORIZED

As this Court knows, Federal Rule of Civil Procedure 4(f) governs serving an individual in a foreign country.  Fed. Civ. P. 4(f) provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
> (C) unless prohibited by the foreign country's law, by:
>
> (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
> (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

The methods of service laid out in Fed. R. Civ. P. 4(f)(1) and Fed. R. Civ. P. 4(f)(2) are not applicable here.  First, the UAE is not a signatory of the Hague Service Convention.  Second, the

UAE does not currently accept letters rogatory.  Plaintiff, therefore, seeks an Order authorizing service "by other means not prohibited by international agreement, as the court orders" because it is the only way to give reasonable notice to the defendants.  Fed. Civ. P. 4(f)(3).  *Mullane v. Central Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).  Rule 4(f) is concerned with "providing a method of service that is reasonably calculated to 'notif[y] a defendant of the commencement of an action against him.'"  *Freedom Watch v. OPEC*, 766 F.3d 74, 78 (D.C. Cir. 2014) (quoting *Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012)).

Courts exercise broad discretion under Rule 4(f)(3).  "Courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1013 (9th Cir. 2002); *see e.g., Bazarian Int'l Fin. Assocs., LLC v. Desarrollos Aerohotelco, C.A.,* 168 F. Supp. 3d 1, 14–17 (D.D.C. 2016) (denying the defendants' motion to dismiss for insufficient service of process and concluding that "permitting service of a foreign individual or corporation through retained United States counsel does not run afoul of [Rule 4(f)]'s application to individuals and corporations, located in foreign countries, where service will be completed).

Plaintiff requests three alternative methods of service in order to ensure that Defendants Ahmed Naser Al-Raisi, Saif bin Zayed Al Nahyan, and Ismail Ali Madani receive formal notice of the claims against them consistent with Due Process.

WHEREFORE, Plaintiff respectfully requests that the Court authorize service by the alternative methods herein.  A proposed Order is included as an attachment.

Dated: New York, New York
      November 2, 2023

                              WALDEN MACHT & HARAN LLP


                              */s/ Jim Walden*
                              Jim Walden (**DC Bar #NY0548**)
                              250 Vesey Street, 27th Floor
                              New York, NY 10281
                              (212) 335-2030

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
----------------------------------------------------------------- X
SHERIF OSMAN,

                Plaintiff,

      -against-                          CA No. 23-cv-02108

INTERNATIONAL CRIMINAL POLICE
ORGANIZATION, *et al.*

                Defendants.
----------------------------------------------------------------- X

## **ORDER**

Pending before the Court is Plaintiff's Motion for the authorization of alternative methods of service in order to serve Defendants Ahmed Naser Al-Raisi, Saif bin Zayed Al Nahyan, and Ismail Ali Madani.

Having considered the Motion, and for the reasons set forth therein, the Court is of the opinion and finds that the Motion should be granted for good cause shown.

Accordingly, it is this _____ day of _____, 2023,

ORDERED that Plaintiffs' Motion is hereby GRANTED.

Date: _____

                              _____
                              Hon. Timothy J. Kelly
                              UNITED STATES
                              DISTRICT JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
---------------------------------------------------------------- X
SHERIF OSMAN,

                Plaintiff,

       -against-                           CA No. 23-cv-02108

INTERNATIONAL CRIMINAL POLICE
ORGANIZATION, *et al.*

                Defendants.
---------------------------------------------------------------- X

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR ALTERNATIVE METHODS OF SERVICE

1. Fed. R. Civ. P. 4(f)

2. The record herein

3. Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents